# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEPHEN R. FINGADO,

      Plaintiff,

-vs-                                                                                                                            No. Civ. 02-1151 LH/LFG

JOANN MARES, RICK SIGLER, and MICHAEL B.
DRURY,

      Defendants.

## MEMORANDUM OPINION

      **THIS MATTER** comes before the Court on The United States' Motion to Dismiss (Docket No. 3), filed November 13, 2002, and Plaintiff's Motion to File Surreply (Docket No. 13), filed January 30, 2003. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that Plaintiff's Motion is not well taken and will be **denied** and that the United States' Motion is well taken in part and will be **granted in part**.

      Plaintiff brings his *pro se* suit for the alleged "denial of his due process rights by the Internal Revenue Service Appeals Officers." (Compl. for Violation of Federal Law (Compl.) ¶ 1.) He invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331,[1] (*id.*), and asserts that "Defendants may be sued in their individual capacity because the United States may not claim sovereign immunity

---

[1] 28 U.S.C. § 1331, Federal question, provides:

      The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

under the provisions of the Federal Tort Claims Act," (*id.* ¶ 2). Plaintiff further claims jurisdiction under 28 U.S.C. § 1361,[2] (*id.* ¶ 3), and contends that the United States Tax Court does not have jurisdiction over this controversy because it "involves an alleged *employment* tax for tax years 1994, 1995, 1996, and 1997," (*id.* ¶¶ 4,5 (emphasis added)).

Plaintiff charges that Defendants Mares and Sigler, Appeals Officers with the Internal Revenue Service (IRS), (*id.* ¶¶ 9, 10), violated his constitutional and statutory due process rights under the Fifth Amendment and 26 U.S.C. §§ 7521[3] and 6330(b)(1), (c)(1)[4] by not allowing him to tape record his Collection Due Process Hearing on July 24, 2002, (*id.* ¶¶ 16-26). Plaintiff and his father, who accompanied him to the hearing as his witness (*id.* ¶ 18), then refused to participate further in the conference, (*id.* ¶ 24). On August 13, 2002, Defendant Drury, Acting Appeals Team Manager, (*id.* ¶ 11), issued a Notice of Determination, (*id.* ¶ 28). As specific relief, Plaintiff seeks:

---

[2] 28 U.S.C. § 1361, Action to compel an officer of the United States to perform his duty, provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

[3] 26 U.S.C. § 7521, Procedures involving taxpayer interviews, provides in relevant part:

(a) Recording of interviews.--
    (1) Recording by taxpayer.--Any officer or employee of the Internal Revenue Service in connection with any in-person interview with any taxpayer relating to the determination or collection of any tax shall, upon advance request of such taxpayer, allow the taxpayer to make an audio recording of such interview at the taxpayer's own expense and with the taxpayer's own equipment.

[4] 26 U.S.C. § 6330, Notice and opportunity for hearing before levy, provides in relevant part:

(b) Right to fair hearing.--
    (1) In general.--If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.
. . . .
(c) Matters considered at hearing.--In the case of any hearing conducted under this section--
    (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

1) judgment that Defendants violated the law by depriving him of his due process rights under the Constitution, 2) an order directing Defendant to provide Plaintiff a fair hearing, pursuant to certain IRS regulations and statutes, for the years 1994-1997, 3) an order directing Defendants to provide complete and authenticated documentation supporting the assessments against Plaintiff for the years 1994-1997, 4) an order that Defendants comply with certain laws in future matters relating to Plaintiff, 5) an order that Defendants pay costs and reasonable attorney fees to Plaintiff, 6) an order finding that Defendant's erred in imposing a tax liability on Plaintiff for tax years 1994-1997, and 7) an order, pursuant to 26 U.S.C. § 6330(e) (Suspension of collections and statute of limitations), suspending collection efforts against Plaintiff for those tax years. (*Id.* at 4-5.)

The United States, asserting that it is the proper party defendant in this case, moves for dismissal on grounds of subject matter jurisdiction. It first maintains that although Plaintiff alleges a due process violation, his claim really is that the Collection Due Process hearing was not properly conducted and jurisdiction for such actions lies solely with the United States Tax Court. (Br. Supp. United States' Mot. Dismiss at 4 & n.9.) The United States further maintains that the Court lacks subject matter due to Plaintiff's failure to properly serve process, pursuant to FED. R. CIV. P. 4(i). (*Id.* at 4.)

Plaintiff raises multiple arguments in his opposition to the Motion to Dismiss. He first contends that the Tax Court does not have jurisdiction over this matter because he has claimed a violation of his constitutional rights. (Pl.'s Br. Opp'n Def's Mot. Dismiss at 1.) Under this topic he cites to 26 C.F.R. § 601.102, which states that "employment taxes" do not fall within the jurisdiction of the Tax Court. (*Id.*) He further claims that the statutory notices of deficiency that he received are invalid because they relate to employment taxes, not income taxes, and that there is no authenticated

3

documentation to support the deficiencies, resulting in "no assessments," and thus, "no liability" for the years 1994-1997. (*Id.* at 2.) He also argues that Defendant Sigler, acting in his official capacity, not only failed to provide Plaintiff with a fair hearing, but that Defendants denied him any hearing, which is "[t]he main issue" in this case. (*See id.* at 3.) As to service of process, Plaintiff notes that he should be allowed to cure any defect pursuant to FED. R. CIV. P. 4(i)(3), but maintains that the named Defendants, acting in their official capacities, are the proper parties in this action, in any event. (*Id.* at 4.) Plaintiff then states that the Federal Tort Claims Act does not apply to cases involving constitutional violations and asserts that "Mr. Sigler or Ms. Mares or Mr. Drury's [sic] violated the Takings Clause of the United States Constitution, as well as the 14th and other provisions of the Constitution." (*Id.* at 5.) Finally Plaintiff cites to paragraph 2 of his Complaint: "*Defendants may be sued in their individual capacity because the United States may not claim sovereign immunity under the provisions of the Federal Tort Claims Act.*" (*Id.* (emphasis in original).)

*Pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court should not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 5121 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Despite Plaintiff's confusing and often ambiguous argument, it is clear from a review of the record in this matter that his suit against the individual IRS officers complains only of actions taken by them in their official capacities and thus is properly considered to be a suit against the United States. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989)("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). Indeed, the plain

language of 28 U.S.C. § 1361, one of the statutes by which Plaintiff attempts to establish this Court's jurisdiction, necessarily is directed at duties owed by federal employees acting in their official capacities, as the Court could not compel action in their individual capacities. *See, e.g., Watts v. United States*, No. 95-CV-061-D, 1996 WL 149326, at *1 (D. Wyo. Jan. 19, 1996), *aff'd*, No. 96-8041, 1996 WL 639810 (10th Cir. Nov. 6, 1996).

It has long been settled that "the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990)(internal quotations omitted). The taxpayer bears burden of showing a waiver of sovereign immunity, which "must be strictly construed in favor of the sovereign[,] may not be extended beyond the explicit language of the statute[, and] cannot be implied, but must be explicitly expressed." *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir.1992)(citations omitted); *see also Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir.1990).

Statutes conferring general jurisdiction, such as 28 U.S.C. §§ 1331 and 1361, do not waive sovereign immunity. *Fostvedt*, 978 F.2d at 1203 (citing *Lonsdale*, 919 F.2d at 1444). Additionally, any attempt by Plaintiff to assert jurisdiction under the Federal Tort Claims Act must fail as the Act explicitly excludes from its coverage "[a]ny claim arising in respect of the assessment or collection of any tax," 28 U.S.C. § 2680(c), which this case most certainly does. *See Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.3d 1240, 1246 & n.5 (10th Cir. 1989).

The United States does waive its immunity and consent to suit by a taxpayer, however, when it creates a lien or levy against a taxpayer's property, *Thompson v. United States*, No. Civ.A.1:02-CV3167BBM, 2003 WL 1874743, at *1 (N.D. Ga. Feb. 11, 2003)(citing 26 U.S.C. §§ 6320(c),

6330(d)(1)), as was done in this case, (*see* Compl. ¶ 27 (noting issuance of "Notice of Determination. (Plaintiff's Exhibit E)") and unnumbered attachment to Compl. entitled "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330," dated Aug. 13, 2002, and sent by the Internal Revenue Service to Plaintiff). This Court's jurisdiction over this matter, then, is governed by 26 U.S.C. § 6330, which provides in relevant part:

> (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 U.S.C. § 6330(d)(1). Thus, a taxpayer may appeal the IRS determination to federal district court only if the Tax Court does not have jurisdiction.[5] *Thompson*, 2003 WL 1874743, at *1.

Plaintiff argues that the Tax Court does not have jurisdiction over this case because it involves "employment," rather than "income," taxes and because he has claimed a violation of his constitutional rights. Neither contention has merit.

Among the various taxes collected by the Internal Revenue Service, income taxes fall within the exclusive jurisdiction of the United States Tax Court, while employment taxes do not. *See Steidel v. Evans*, No. 02-35733, 2003 WL 343229, at *1 (9th Cir. Feb. 12, 2003)(*Steidel II*), *aff'g* No. C02-

---

[5] As the court discussed in *Sager v. IRS*,

> The United States Tax Court is an Article I court with limited jurisdiction to "rule on deficiencies assessed by the government on taxpayers." *Crawford v. Commissioner of Internal Revenue*, 266 F.3d 1120, 1122 (9th Cir. 2001); 26 U.S.C. § 7441. Not withstanding its limited jurisdiction, the Tax Court exercises federal judicial authority in a manner similar to the federal district courts and it may address issues raising statutory/regulatory and constitutional claims. *Crawford*, 266 F.3d at 1123 ("we have previously held that Tax Courts, which are Article I courts, have jurisdiction to consider constitutional questions in the context of deciding deficiencies."); *Rager v. Commission of Internal Revenue*, 775 F.2d 1081, 1083 (9th Cir.1985)(same).

No.Civ.A.01-2220, 2002 WL 31556458, at *2 (W.D. Pa. Oct. 10, 2002).

5205RJB, 2002 WL 1988174 (W.D. Wash. July 22, 2002)(*Steidel I*); 26 C.F.R. § 601.102(b)(1)(i), (b)(2)(i). All of the evidence on the record in this matter shows that the underlying taxes at issue for years 1994-1997 are income taxes. For instance, the Notice of Determination attached to Plaintiff's Complaint clearly sets forth in the caption "Tax Type/Form Number" as "Income/1040." Additionally, in the Official Record provided by the Internal Revenue Service, the Certificates of Assessments, Payments, and Other Specified Matters for the relevant years are all entitled "U.S. Individual Income Tax Return Form: 1040." (Decl. Michelle C. Johns Pursuant to 28 U.S.C. § 1746 (Docket No. 5) Ex. 1.) Furthermore, in the Final Notice sent to Plaintiff on April 6, 2002, the "Type of Tax" liability for each year is described as "1040A," the form number of income tax returns. (*Id.* Ex. 2); *Steidel I*, 2002 WL 1988174, at *2. There is nothing in the record showing that the taxes at issue are anything other than income taxes and the Court rejects Plaintiff's frivolous and meritless argument to the contrary. *See Steidel II*, 2003 WL 343229, at *2 (citing *True v. Comm'r*, 108 F. Supp. 1361 (M.D. Fla. 2000)); *see also Fraser v. Comm'r*, 73 T.C.M. (CCH) 2592 (1997)("Subtitle C imposes *employment tax* on wages of individuals *required to be withheld by employers* which is in addition to income tax imposed by subtitle A [on] an individual's taxable income, determined from gross income."(emphasis added)).

Plaintiff's contention that the Tax Court cannot have jurisdiction over this matter because he asserts due process violations pertaining to his hearing, including that he was not allowed to tape record the session and thereafter refused to participate further, is equally unavailing. As the court held in *Lunsford*, a case in which no hearing was even scheduled,

> [w]hether there was an appropriate hearing opportunity, or whether the hearing was conducted properly, or whether the hearing was fair, or whether it was held by an impartial Appeals officer, or whether any of the other nonjurisdictional provisions of

> section 6330 were properly followed, will all be factors that we must take into consideration under section 6330 in deciding such cases. But none of these factors should preclude us from exercising our jurisdiction under section 6330(d), in order to resolve the underlying dispute in a fair and expeditious manner.

117 T.C. at 161-62, 164.  Thus, if it has "general jurisdiction over the type of tax involved, a 'determination' a by [an] Appeals [officer] and a timely petition [by the taxpayer] are the only requirements for the exercise of [the Tax Court's] jurisdiction under section 6330." *Id.* at 161; *see also Thompson*, 2003 WL 1874743, at *2 (Tax Court has jurisdiction over case in which taxpayer complains, among other due process claims, that he was not permitted to tape-record hearing); *Keene v. Comm'r*, 121 T.C. No. 2, 2003 WL 21525479 (July 8, 2003)(taxpayer did not want hearing if he could not record it; Tax Court held petitioner "entitled to audio record his section 6330 hearing with the Appeals Office[,] . . . proceedings that we are statutorily charged with reviewing . . . .").

Furthermore, to the extent Plaintiff's Complaint may be construed to bring a *Bivens* claim against Defendants in their individual capacity, "it will not lie because Congress has already established a scheme of safeguards and remedies for individuals harmed by unlawful tax collection." *Bissen v. Mazzetti*, No. 98-1005, 1998 WL 732809, at *1 (10th Cir. Oct. 19, 1998)(citing *Schweiker v. Chilicky*, 487 U.S. 412, 422-23 (1988); *Dahn v. United States*, 127 F.3d 1249, 1235 (10th Cir. 1997); *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990); *Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1248).  Finally, the Court notes that the Anti-Injunction Act[6] prohibits actions in the nature

---

[6] The Anti-Injunction Act provides in relevant part:

> Except as provided in [specified sections of the Internal Revenue Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

of Plaintiff's suit, the Declaratory Judgment Act[7] provides that no suit to restrain the assessment or collection of any tax shall be maintained, and Plaintiff fails to meet any statutory or judicial exception to either. *See Fostvedt*, 978 F.2d at 1203 & n.4.

Finding that it lacks subject matter jurisdiction to hear this matter, the Court will not address Defendants' Motion to the extent it addresses whether service of process met the requirements of FED. R. CIV. P. 4(i)(3).

The Court finds that Plaintiff's Motion to File Surreply is not well taken. Plaintiff filed this Motion under the misconception that the United States's reply brief was itself a surreply which required the Court's permission to file. This is not the case. *See* D.N.M.LR-Civ.7.1 (b),7.6 (a), (b).[8] Even if the Court were to consider Plaintiff's argument in his proposed Opposition to Defendant's

---

[7] The Declaratory Judgment Act provides in relevant part:

In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .

28 U.S.C. § 2201(a)(emphasis added).

[8] Local Rule 7, Motion Practice, provides in part:

**7.1 Writing Requirement; Opposition.**
. . . .
**(b)** . . . The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.
. . . .
**7.6 Timing of and Restrictions on Responses and Replies**.
**(a) Timing**. A response must be served within fourteen (14) calendar days after service of the motion. A reply must be served within fourteen (14) calendar days after service of the response. . . .
**(b)** The filing of a surreply requires leave of the Court.

9

Reply Brief in Motion to Dismiss, it would not change the Court's conclusion that it does not have subject matter jurisdiction over this action.

An Order in accordance with this Memorandum Opinion shall be entered contemporaneously. Pursuant to 26 U.S.C. § 6330(d)(1),[9] Plaintiff has thirty (30) days from the issuance of the Order to file an appeal with the United States Tax Court.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[9] 26 U.S.C. § 6330(d)(1) provides in part:

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.