## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEPHEN R. FINGADO,

      Plaintiff,

-vs-                                                                   No. Civ. 02-1151 LH/LFG

JOANN MARES, RICK SIGLER, and MICHAEL B. DRURY,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsider (Docket No. 16), filed September 22, 2003. The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that Plaintiff's Motion is not well taken and will be **denied**.

In its Memorandum Opinion and its Order of September 10, 2003, the Court found that it lacked subject matter jurisdiction over Plaintiff's claims and dismissed the case, noting however, that pursuant to 26 U.S.C. § 6330(d)(1), Plaintiff could file an appeal with the United States Tax Court. Plaintiff now moves for reconsideration, arguing that (1) this Court does have jurisdiction under 28 U.S.C. § 2679(b)(2)(A) and (B); (2) the Tax Court does not have jurisdiction; (3) he has a right to a hearing under 26 U.S.C. § 6330(b) and (c); (4) Defendant should have submitted supporting evidence and requested an evidentiary hearing; and (5) Defendant should provide affidavits.

Although *pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court should not "assume the role of advocate." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, the Rules allow a party subject to an adverse judgment to file either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from the judgment or order under Rule 60(b). *Id.* If the motion is served within ten days of the entry of judgment, as is the case here, *see* FED. R. CIV. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."), it is construed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243. Grounds warranting such a motion include:

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).

The United States maintains that Plaintiff has not raised any new issues or defenses. The Court agrees. Plaintiff has shown no change in controlling law, offered no new evidence that was previously unavailable to him, and identified no clear error or injustice regarding the Court's previous ruling on the United States' Motion to Dismiss. The Court was under no misapprehension as to the

facts, Plaintiff's position, or the controlling law. Therefore, the Court will deny Plaintiff's Motion for Reconsideration.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (Docket No. 16), filed September 22, 2003, is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

3